UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| DE'LANE ANDRE ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00089-DCLC-SKL |
| | ) | |
| LARRY ABLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This civil rights case is filed pro se and without prepayment of fees by Plaintiff De'Lane Andre Ross. Plaintiff filed a complaint [Doc. 1] and an application to proceed *in forma pauperis* ("IFP") [Doc. 2]. As set forth below, I find Plaintiff has failed to state a claim over which the Court has jurisdiction. I therefore recommend this case be dismissed. As a result, I find Plaintiff's IFP application should be denied as moot, with no filing fee assessed.

**I.    STANDARDS**

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs seeking IFP status, and dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (citations omitted), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, No. 2:07-CV-238, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.) (citations omitted). A frivolous claim is one that is based on "an indisputably meritless legal theory," or on allegations of "infringement of a legal interest which clearly does not exist." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Such claims are described as "clearly baseless," "fanciful," "fantastic," or "delusional." *Id.* at 325, 327-28. The

standard required by § 1915(e)(2)(B)(ii) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citations omitted).

The pleadings of pro se litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," otherwise it is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." A complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In order to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a

'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358-59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

## II.   ANALYSIS

Plaintiff filled out his complaint using a form titled, "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983)." The defendants he names are Judge Larry Ables; Officer Adam Emery of the Chattanooga Police Department; Ruth De'Lange, whom Plaintiff describes as an "attorney at law;" and Barbara Bradford, a court reporter [Doc. 1 at Page ID # 3]. In the section of his complaint titled, "Statement of Claim," Plaintiff writes:

> (Claim #1) Violation of Fourth Amendment (wrongful investigation, prosecution, conviction, and incarceration) and Violation of Fourteenth Amendment (violation of life, liberty, and freedom). On May 27, 2004, Officer Emery entered my mother's property without a search/arrest warrant stating false accusations to justify his actions to question me, and search me and the property. I was arrested for drugs found on the property and t[a]ken to the county jail. I was in prison until being released after the January 26 proceedings.
>
> On January 26, 2005, I was found "not guilty" of poss. Of crack cocaine for resale (#251011) due to lack of evidence, by Honorable Judge Kerry Blackwood, (sitting by designation). During the process of my federal sentencing, in 2009 of December, I discover that the final judgment pronounced in open court of the proceedings had been altered stating a guilty judgment within the records to the poss. of crack cocaine for resale (#251011) charge. Larry Ables (prosecutor) was asked questions of what lead up to the arrest by Judge Blackwood, that the final "not guilty" judgment was based. And Officer Emery was present when the judge made the "not guilty" judgment because he was dismissed from the courtroom by the judge for becoming loud and unruly after hearing the "not guilty" final judgment.
>
> (Claim #2) Malicious Prosecution under Fourth Amendment and Fourteen[th] Amendment Violations (stating same argument as Claim #1)
>
> (Claim #3) Conspiracy to Commit Fraud in violation of Due Process (Prosecutor) Larry Ables, (Officer) Adam Emery, (Attorney) Ruth De'Lange, (Court Reporter) Barbara Bradford.

3

These four individuals were present on, January 26, 2005, during the guilty plea proceeding pertaining to the poss. of crack cocaine for resale (#251011) charge which Officer Emery was the arresting officer. They have failed to follow the sworn oath[1] . . . of the job description to allow this wrongful conduct to exist. They were all in attendance during, Honor Judge Kerry Blackwood, open court announcement of the "not guilty" final judgment. The four defendants heard the questions asked by the judge that lead up to the arrest, on the defendants behalf, the [sic] has been wrongfully concealed from the transcript of the hearing.

Has my attorney, Ms. Ruth De'Lange, failed to follow the order of the court and record material facts spoken in open court in benefit of her client. She has no record of the "not guilty" final judgment that the judge stated in open court and the inquiry directed to Prosecutor Ables, in the form of several questions, or what lead up to the arrest.

Ms. Bradford was the court reporter for the guilty plea proceedings. The 1:30 p.m. proceeding pertaining to the guilty plea transcripts is a total fabrication of the actual proceedings. The questions asked by Honorable Judge Blackwood to the prosecutor, of what lead up to the arrest. (1) Where was the defendant when the officer arrived on the scene, (2) Where were the drugs located found on the scene, (3) How much drugs were found, (4) How much drugs were found, (5) Does the report mention any attempt to flee, (6) How many occupy your mother's house, Mr. Ross. The colloquy is a total fabrication too, it was deliberately done to adequately show the [plea] was made voluntarily and intelligent, and the presumption of innocence could be attached to the finding of facts.

The four individuals have conspired to undermine the law and order of, Honorable Judge Blackwood, open court final judgment to the poss. of crack cocaine for resale in case # 251011. I would like to request that this motion is granted and a diligent investigation is provided to support the law and order of the United States and Constitution.

[Doc. 1 at Page ID # 3-7].

---

[1] The pages of the complaint appear to be out of order starting here. The undersigned has attempted to put the pages in the correct order, based on the plain meaning of the text of the complaint. The analysis would not change if Plaintiff's complaint was screened using the page order as reflected on the docket.

Plaintiff has previously filed an unsuccessful petition pursuant to 28 U.S.C. § 2254 based on the same allegations relating to the alleged falsification of his guilty plea, Case No. 1:18-cv-00024-HSM-SKL (dismissed November 14, 2019). A judgment in Plaintiff's favor on any of the above-quoted § 1983 claims based on these allegations would "necessarily imply" that his 2005 state court conviction for possession of crack cocaine is invalid. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Accordingly, these claims are barred by *Heck*. *See id.* (holding plaintiff must demonstrate the unlawfulness of his conviction or confinement prior to pursuing § 1983 relief challenging criminal judgment); *see also Goley v. Guider*, No. 3:19-CV-253-PLR-HBG, 2019 WL 3358407, at *2 (E.D. Tenn. July 25, 2019) ("The *Heck* rule extends to claims for injunctive relief where a favorable judgment would necessarily imply the invalidity of a . . . sentence." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005))).

In addition, Plaintiff's claims are time-barred. Plaintiff's claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 does not have its own statute of limitations. Instead, courts must apply "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). In Tennessee, the applicable limitations period is one year. Tenn. Code Ann. § 28-3-104(a); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (citing *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986)). If "it is apparent from the face of the complaint that the limit for bringing the claim[s] has passed," the complaint must be dismissed. *Howell*, 655 F. App'x at 350 (quoting *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008)); *see also In re Royal Manor Mgmt., Inc.*, 652 F. App'x 330, 339-40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a

5

Case 1:23-cv-00089-DCLC-SKL   Document 4   Filed 05/01/23   Page 5 of 7   PageID #: 23

meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.") (citation omitted). The one-year limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson*, 510 F.3d at 635 (citing *Kuhnle Bros.*, 103 F.3d at 520). Courts look to "what event should have alerted the typical lay person to protect his or her rights." *Id.* (quoting *Kuhnle Bros.*, 103 F.3d at 520) (other citations omitted).

The complaint states the search and arrest took place in 2005, and it indicates Plaintiff was aware of all events underlying the instant claims by 2009, at the latest. Plaintiff's § 2254 petition was pending for just under two years and dismissed on November 19, 2019. *See Dawson v. Monroe Cnty.*, No. 3:13-CV-240-TAV-CCS, 20124 WL 700400, at *4 (E.D. Tenn. Feb. 24, 2014) ("a malicious prosecution claim does not accrue until proceedings terminate in the plaintiff's favor, as that is the moment in which the plaintiff has a complete cause of action" (citations omitted)). Plaintiff did not file the instant lawsuit until April 14, 2023. Accordingly, the untimeliness of Plaintiff's § 1983 claims is plainly evident from the face of Plaintiff's complaint and cannot be cured. Given the obvious and fatal deficiencies with Plaintiff's claims, justice is not served by requiring Plaintiff to attempt to amend his complaint to state a viable claim so dismissal of all Plaintiff's claims is proper.

## III. CONCLUSION

For the reasons stated herein, I **RECOMMEND**[2] Plaintiff's claims be **DISMISSED** and this case **CLOSED**.

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.

As for Plaintiff's IFP application [Doc. 2], there are gaps in information that make it impossible to determine whether Plaintiff is indigent. Nevertheless, given the recommendation that Plaintiffs' claims be dismissed without further proceedings, I **RECOMMEND** his IFP application [Doc. 2] be **DENIED AS MOOT** and no filing fee assessed.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).